UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK
------------------------------------------------------------x
RORY POOLE,

                         Movant,

        -against-                                    19-cv-9774 (LAK)
                                                        (15-cr-0525 (LAK))

UNITED STATES OF AMERICA,

                         Respondent.
------------------------------------------------------------x

**ORDER**

LEWIS A. KAPLAN, *District Judge.*

        On July 26, 2016, movant pled guilty to conspiracy to commit robbery in violation of 18 U.S.C. § 1951(a) and to possessing and brandishing a firearm in connection with a narcotics conspiracy in violation of 18 U.S.C. § 924(c)(1)(A)(ii). Movant was sentenced on February 8, 2017 to a term of imprisonment of 63 months on the robbery conspiracy count and the mandatory minimum sentence of 84 months on the firearm count, the terms to run consecutively. The Second Circuit affirmed his conviction and sentence. [15-cr-0525 DI 76].

        On September 9, 2019, movant moved, pursuant to 28 U.S.C. § 2255, to vacate his firearm conviction in light of *United States v. Davis*, 139 S. Ct. 2319 (2019). [19-cv-9774 DI 1]. Movant moved also to stay the Court's judgment pending *Shular v. United States* [19-cv-9774 DI 10], which the Supreme Court decided on February 26, 2020. No. 18-6662, 2020 WL 908904 (U.S. Feb. 26, 2020).

        *Davis* and *Shular* have no bearing on movant's conviction. Movant's possession and brandishing of a firearm was related to a narcotics conspiracy. *Davis* invalidated 18 U.S.C. § 924(c) convictions predicated on offenses deemed "crimes of violence" under § 924(c)(3)(B), but left untouched convictions, such as the one at issue here, predicated on drug trafficking crimes. *Shular* involved § 924(e)(2)(A)(ii)'s definition of a "serious drug offense," a provision that is irrelevant to movant's conviction.

        The movant's motion [19-cv-9774 DI 1] pursuant to 28 U.S.C. § 2255 is denied. A certificate of appealability is denied, and the Court certifies that any appeal herefrom would not be taken in good faith within the meaning of 28 U.S.C. § 1915(a)(3).

        SO ORDERED.

Dated:       March 10, 2020

                                                                    Lewis A. Kaplan
                                                                 United States District Judge